Argued March 3, reversed March 28, 1916.

## PLAYMAN v. COMMERCIAL UNDERWRITERS.

(156 Pac. 283.)

**Insurance—Combination of Insurers—Power of Attorney—Action.**

1. Plaintiff, entering into a combination of firms, corporations, etc., to provide indemnity among each other from fire loss to their own property, and giving a power of attorney to the attorneys in fact for the individuals, etc., composing the combination to exchange indemnity for loss, to subscribe and deliver the necessary contracts to settle its proportion of losses, etc., did not create any express trust in favor of any member of the combination; and hence a personal judgment against the attorneys for loss under an alleged policy was error.

**Insurance—Combination of Insurers—Action—Parties.**

2. In such action, the attorneys, who alone were served, were not even necessary parties to the action, and a personal judgment against them was erroneous.

**Insurance—Action—Pleading—Proof of Loss.**

3. In an action upon an alleged insurance policy, allegations of a total loss, of notice to the defendants, of the giving of all known information as to the origin of the fire, and of the giving to defendants' insurance adjuster of all information in the insured's power to enable him to ascertain the actual loss in the absence of a demurrer, was sufficient to admit of proof of loss.

From Multnomah: DAVID R. PARKER, Judge.

Department 2.   Statement by MR. JUSTICE McBRIDE.

This is an action by C. H. Plyman against the Commercial Underwriters at Commercial Inter-Insurance Exchange, Guy L. Wallace, E. A. Tyler and Frank E. Hitchcock, partners doing business under the firm name and style of Guy L. Wallace & Co., attorneys in fact for the firms, individuals and corporations, whose names to plaintiff are unknown, composing the Commercial Underwriters at Commercial Inter-Insurance Exchange, upon an alleged insurance policy. The complaint recites, in substance, that the defendants Wallace, Tyler and Hitchcock are partners, doing business in Portland under the firm name of Guy L.

Wallace & Co.; that the said members of the firm of
Guy L. Wallace & Co. are attorneys in fact for the in-
dividuals, firms and corporations comprising the Com-
mercial Underwriters at Commercial Inter-Insurance
Exchange, the true names of said individuals, firms
and corporations being to plaintiff unknown; that on
July 2, 1912, the defendants, in consideration of a
premium of $25, issued to the plaintiff a policy, insur-
ing certain property described in the complaint
against loss or damage by fire, which policy is made
an exhibit to the complaint. The complaint further
states that on February 13, 1913, the property was de-
stroyed by fire, with a total loss to plaintiff of $2,018.-
11; that plaintiff on the same day notified defendants
of the loss, and Guy L. Wallace visited and inspected
the scene of the fire, and the plaintiff then and there
notified and informed Wallace of the loss sustained,
and exhibited to him the goods that had been saved
from the fire, and furnished him with all the informa-
tion within his power as to the origin of the fire and
the loss occasioned thereby; that Wallace at such time
notified the plaintiff that the defendants would pay
him whatever his actual loss amounted to, and that
an adjuster would immediately be sent to view the
premises and adjust such loss; that thereafter the de-
fendants' insurance adjuster, one Millar, visited the
premises where said fire occurred, and undertook to
appraise, ascertain and adjust the amount of plaintiff's
loss, and the plaintiff gave to said Millar all the data
and information within his power in order to enable
him to ascertain the plaintiff's actual loss by reason
of said fire; that after Millar had examined the prem-
ises where the fire occurred and investigated as to
the amount of the insured property destroyed, he fixed
the amount of plaintiff's loss, and offered the plaintiff

in settlement of his said loss under the terms of said policy, the sum of $900, which amount was refused by plaintiff for the reason that it was insufficient to cover his loss; that the plaintiff offered to submit to arbitration the matter of the appraisal and adjustment of his loss under said contract of insurance, as provided for in said policy, but defendants refused, and still refuse, to submit said matter to arbitration and to comply with the conditions of said policy, the plaintiff having notified the defendants of his selection of an arbitrator, as provided by the terms of the policy in case of disagreement as to the amount of loss; that because of the facts set out above the plaintiff did not furnish written proofs of said loss, as required by the policy, relying wholly on the representations of the defendants and their agents that the loss would be adjusted within the time required by the policy.

The defendants by answer put in issue all the material allegations of the complaint. There was a trial by the court, and findings and judgment were rendered against the defendants who were served, from which they appeal.                REVERSED AND REMANDED.

For appellants there was a brief with oral arguments by *Messrs. Seitz & Clark.*

For respondent there was a brief over the names of *Mr. W. R. Jacobson* and *Mr. W. A. Carter*, with an oral argument by *Mr. Jacobson.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. The defendant Commercial Underwriters at Commercial Inter-Insurance Exchange is a combination of firms, corporations and individuals for the pur-

pose of providing indemnity among each other from fire loss or other damage to their own property, and is presumably organized and acting under the provisions of Chapter 222, Laws of 1911. The plaintiff entered into the combination, giving to defendant Guy L. Wallace & Co. a power of attorney to act for and represent him in the combination; a like power presumably having been executed by other participants therein. The authority of the attorney is defined and limited as follows:

"Now, therefore, I, C. H. Playman, hereby constitute and appoint Guy L. Wallace, E. A. Tyler, and F. E. Hitchcock, under the firm name of Guy L. Wallace & Co., attorneys for us and in our name, place, and stead, for the following purposes, viz.: 1. To exchange with other persons, firms, or corporations indemnity against loss or damage by fire or lightning in the amount of $2,000 and to that end to subscribe and deliver all necessary contracts whereby we shall be bound to so exchange indemnity against loss or damage by fire or lightning; and to change, modify or cancel such contract or contracts of indemnity; to adjust and settle our proportion of all losses that may occur under any such contract; to appear for us in any legal proceeding and to institute, prosecute, defend, compromise or settle any legal proceeding that may arise out of any such contract for the exchange of indemnity; and it is expressly understood that this power of attorney is made for no other or different purpose than to authorize said attorneys in fact to exchange for us with other persons, firms or corporations indemnity against loss or damage by fire or lightning accruing to their own property; and that the power of said attorneys as hereby granted is also limited," etc.

The power of attorney is in the usual form of such instruments, and does not create any express trust in favor of any participant in the combination. Wallace

and Hitchcock alone were served and the court rendered a personal judgment against them. This was error. They were not even necessary parties to the action, and the court should have granted a nonsuit. The case of *Lawrence* v. *Schaefer,* 19 Misc. Rep. 239 (42 N. Y. Supp. 992), cited by counsel for respondent, is not in point. That case involved the right of the insured to sue each of the underwriters of a Lloyd's policy to recover for a loss within the terms of the policy, which, among other clauses, provided:

"No action shall be brought to enforce the provisions of this policy except against the attorney, and representing all the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder."

It will be seen that in that case the policy expressly provided for an action against the attorney, who was also an underwriter, and the court held that by the terms of the policy he was the trustee of an express trust. No such condition appears here, either in the policy or in the power of attorney. The motion for a nonsuit should have been granted.

3. Another objection raised was that plaintiff had not furnished a proof of loss, as required in the policy, and had not pleaded or proved a waiver of such proof. While the pleading as to this branch of the case leaves much to be desired in the way of certainty, we think that, in the absence of a demurrer, it was sufficient to admit of proof. As to whether the testimony offered was sufficient to show a waiver, we are not called upon to express an opinion.

The judgment is reversed and the case remanded to the court below, with directions to enter a judgment of

79 Or.—43

nonsuit as to the appealing defendants, and for such further disposition of the case as it may deem proper.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN took no part in the consideration of this case.